# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:16-CR-7-0- JRG-RSP |
| | § | |
| NICHOLAS ADAM HALE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On March 27, 2020, the undersigned held a final hearing on the Government's petition (#36) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Nicholas Adam Hale, was represented by Coke Solomon.

Nicholas Adam Hale was sentenced on May 31, 2017, before The Honorable Rodney Gilstrap of the Eastern District of Texas, after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of VI, was 6 to 12 months. Nicholas Adam Hale was subsequently sentenced to 12 months imprisonment and 3 years supervised release, subject to the standard conditions of release, plus special conditions to a $100 special assessment. On May 4, 2018, Nicholas Adam Hale completed his period of imprisonment and began service of the supervision term.

On November 6, 2018, Mr. Hale's terms of supervision were modified to include drug testing and treatment.

On March 13, 2020 this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: You must not commit another federal, state or local crime. Specifically, the Government alleges as follows:  On March 9, 2020, the Pasadena, Texas Police Department filed charges against Mr. Hale alleging he committed the offense of Fraudulent Use or Possession of Identifying Information.  On February 19, 2020, Mr. Hale was arrested by the Pasadena Police Department for reportedly committing the offense of Displaying a Fictious License Plate.  On October 10, 2018, Mr. Hale was arrested by the Kilgore Police Department for reportedly committing the offense of Possession of Drug Paraphernalia.

2) <u>Mandatory</u>:  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Specifically, the Government alleges as follows:  On June 14, 2019, Mr. Hale submitted a urine specimen that tested positive for methamphetamine.  He subsequently admitted verbally and in writing to using the illicit substance several days prior.

3) <u>Standard</u>:  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows:  Mr. Hale was in Pasadena, Texas without the permission of the U.S. Probation office on February 19, 2020.

4) <u>Standard</u>:  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.  Specifically, the Government alleges as follows:  On February 19, 2020, Mr. Hale was associating with Jeremy Creson, a convicted felon, without the permission of the probation office.

The Court scheduled a revocation hearing for March 27, 2020. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #2 set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for thirteen months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen months, with no supervised release to follow such term of imprisonment.

At the close of the March 27, 2020 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation

immediately.

**SIGNED this 27th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE